**IN THE COURT OF APPEALS**
**OF THE**
**STATE OF MISSISSIPPI**
NO. 1999-CA-00502-COA

**JOYCE GOLEMAN**                                                          **APPELLANT**

**v.**

**R.J. ORGLER, M.D.**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/23/1999 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAUREL G. WEIR |
| ATTORNEYS FOR APPELLEE: | ROBERT K. UPCHURCH |
| | DAVID W. UPCHURCH |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED - 05/30/2000 |
| MOTION FOR REHEARING FILED: | 6/15/2000; denied 8/15/2000 |
| CERTIORARI FILED: | 8/24/2000; denied 11/16/2000 |
| MANDATE ISSUED: | 12/7/2000 |

BEFORE McMILLIN, C.J., LEE, AND PAYNE, JJ.

LEE, J., FOR THE COURT:

¶1. On December 1, 1995, Joyce Goleman filed a medical malpractice suit against Dr. R. J. Orgler. Subsequently, Dr. Orgler filed two motions for summary judgment. Both motions were granted by the trial judge. The final motion was granted based on the fact that the statute of limitations had run and the action was time barred, and the trial judge dismissed the cause of action. Goleman has filed this timely appeal and presents the following issue: whether the trial judge erred in granting Dr. Orgler's motion for summary judgment on the basis that Goleman's claim was barred by the statute of limitations. Finding this issue to be without merit, we affirm the decision of the lower court.

**FACTS**

¶2. On December 1, 1995, Goleman filed a cause of action against Dr. Orgler. Within her complaint, Goleman claimed that on November 29, 1993, she was a patient of Dr. Orgler's and was seeking treatment for what she contended was influenza. However, Dr. Orgler negligently diagnosed and performed surgery for appendicitis. Dr. Orgler filed an answer in which he stated he had recommended to Goleman that she be admitted to the hospital and that with her permission and consent, he performed an exploratory laparotomy. On September 13, 1996, Dr. Orgler filed a motion for summary judgment because Goleman had failed to

present expert testimony to support her allegations; therefore, there was no triable issue of fact. Goleman responded to the motion for summary judgment filed by Dr. Orgler and submitted a motion to make her complaint more specific.

¶3. The trial court granted Dr. Orgler's motion for summary judgment based on the lack of expert testimony to establish a standard of care and any breach. Additionally, the trial judge allowed Goleman to amend her complaint to allege the claim of lack of informed consent. Goleman's last amended complaint claimed that Dr. Orgler breached his duty by failing to inform her regarding what treatment he was going to administer, and that he failed to inform her that he was going to perform an operation. Additionally, Goleman alleged that Dr. Orgler failed to inform her of the risk and consequences of the proposed treatment and any reasonable alternatives. Furthermore, Goleman contended she had never consented to any operation on her body and that the operation was against her will. Dr. Orgler filed another motion for summary judgment.

¶4. Dr. Orgler premised this motion on the fact that whether Goleman's claim was founded on assault and battery or medical negligence due to a lack of informed consent, and it was barred by the applicable statute of limitations. The trial judge granted the motion for summary judgment.

## DISCUSSION

### I. WHETHER THE TRIAL JUDGE ERRED IN GRANTING DR. ORGLER'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT GOLEMAN'S CLAIM WAS BARRED BY THE STATUTE OF LIMITATIONS.

¶5. Before this Court discusses the merits of Goleman's argument, we will discuss the applicable standard of review for a summary judgment. The lower court is vested with the discretion to grant a summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Collier v. Trustmark Nat'l Bank*, 678 So. 2d 693, 695 (Miss. 1996). The standard of review on appeal when a trial judge grants a motion for summary judgment allows this Court to review the record *de novo* to determine if there was error on the part of the trial judge in granting the motion. *Id*. In a motion for summary judgment the movant and non-movant maintain burdens of production paralleling their burdens of proof they would sustain at trial. *Id*. at 696 (citations omitted). The party that is seeking summary judgment has the burden of persuading the trial judge that there are no genuine issues of material fact, and that based upon the facts, they are entitled to a summary judgment. *Id*. Having addressed the standard of review, we will now analyze Goleman's claim.

¶6. Goleman argues that her claim was not time barred due to the statute of limitations, and the trial judge improperly granted Dr. Orgler's motion for summary judgment on this basis. Goleman contends that the one year statute of limitations for assault and battery should not have been applied to her cause of action, but that instead a six or two year statute of limitations should apply because her claim is based on the lack of informed consent.

¶7. Dr. Orgler contends that whether Goleman's claim was classified as an assault and battery or as medical malpractice the statute of limitations had run on her claim. Mississippi Code Annotated § 15-1-35 (Rev. 1995) requires that all actions for assault and battery "be commenced within one year after the cause of such action accrued and not after." Mississippi Code Annotated. § 15-1-36 (Supp. 1999) states that causes of action based on medical malpractice must be filed within two years "from the date the alleged act,

omission or neglect shall or with reasonable diligence might have been first known or discovered." Goleman first opposes the application of a one or two year statute of limitations to her cause of action and asserts that the six year statute of limitations under Miss. Code Ann. § 15-1-49 (Rev. 1995) is applicable to this situation; therefore, summary judgment was improper.

¶8. Goleman supports this proposition with the case of *Ross v. Hodges*, 234 So. 2d 905 (Miss. 1970). *Ross* states that if the case is based on a lack of informed consent it is not a case of assault and battery but is a case of tort for which the six year statute of limitations applies. *Id*. at 908-09. However, this is no longer the law in Mississippi. In *Williams v. Kilgore*, 618 So. 2d 51, 53 (Miss. 1992), the Mississippi Supreme Court discussed the evolution of the applicable statute of limitations to medical malpractice cases. Prior to July 1, 1976, Miss. Code Ann. § 15-1-49 (Rev. 1995), a six year general statute of limitations governed medical malpractice actions. *Id*. On July 1, 1976, Miss. Code Ann. § 15-1-49 (Rev. 1995) was superseded by the enactment of a two year medical malpractice statute under Miss. Code Ann. § 15-1-36 (Supp. 1999). *Id*. at 53-54. Therefore, Goleman's argument for the application of the general six year statute of limitations fails. Goleman also argues that the one year statute of limitations for assault and battery does not apply because her claim is based on a lack of informed consent.

¶9. In *Phillips v. Hull*, 516 So. 2d 488, 492 (Miss. 1987), the Mississippi Supreme Court acknowledged that adults that are in their right mind have a right to decide what will be done to their body, and if a surgeon performs an operation without the patient's consent it is an assault for which he is liable. (citations omitted). In an action for informed consent you actually have knowledge that treatment is going to be rendered. *Id*. Under Miss. Code Ann. § 15-1-35 (Rev. 1995), there is a one year statute of limitations which applies to the intentional tort of assault, and such actions "shall be commenced within one (1) year next after the cause of such action accrued, and not after." In *Wilson v. Retail Credit Co.*, 325 F. Supp. 460, 465 (S.D. Miss. 1971), the District Court acknowledged that it has long been the law in Mississippi that a cause of action involving an intentional tort begins to run from the time the individual is injured and not its discovery unless the running of the limitations period is tolled by Code 1942, § 742 (i.e., fraudulent concealment of a cause of action). Therefore, if Goleman's claim were classified as an assault it was barred by the statute of limitations.

¶10. Goleman's surgery was performed on November 29, 1993. The one year statute of limitations began to run on November 29, 1993, and expired on November 29, 1994. Goleman did not file her complaint until December 1, 1995. The filing of her complaint on this day well exceeded the applicable one year statute of limitations. In the alternative, Goleman argues that if the two year statute of limitations enumerated in Miss. Code Ann. § 15-1-36 (Supp. 1999) applies she would not be barred by the statute of limitations because she filed her complaint on December 1, 1995, which was within the statute limitations because she did not "discover" that her appendix was healthy when it was removed until at least December 2, 1993. Goleman's argument for the filing of her complaint within the two year statute of limitations based on a medical malpractice action for lack of informed consent is also not persuasive.

¶11. Under Mississippi law, in an action for informed consent, the issue is whether once a reasonably prudent patient has been informed of the proposed course of treatment and has been fully advised of the material recognized risks, would they still have consented to the treatment. *Herrington v. Spell*, 692 So. 2d 93, 98 (Miss. 1997) (citations omitted). In other words, the party gave consent, but the consent is less than perfect due to a lack of information provided by the doctor. Goleman failed to present credible admissible evidence that she had a legitimate cause of action based on the claim of lack of informed

consent.

¶12. Goleman did not establish in her affidavits or some other allowed form of evidence what particular problem with the procedure existed that the doctor had not informed her about, and which, had she known of that potential risk, she would not have consented to the surgery. Goleman's pleadings and affidavits only assert vague allegations that the doctor did not inform her of all aspects of the surgery; therefore, it was a "wrongful operation." Goleman's only tenable claim is that the doctor operated on her without any consent.

¶13. Goleman contended that she did not know she was going to undergo surgery prior to its occurrence. In Goleman's affidavit dated October 10, 1996, she asserted that any documents signed by her which consented to the surgery were against her will because she was under the influence of heavy sedation and "excruciating sickness." This argument brings this Court back to the conclusion that Goleman's claim is for assault and battery; therefore, the one year statute of limitations applies and her claim is time barred. Accordingly, we affirm the granting of summary judgment by the trial judge and determine that this issue is without merit.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., NOT PARTICIPATING.**