# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 08-61105
Summary Calendar

Charles R. Fulbruge III
Clerk

PERCY APPLEWHITE; LOUISE APPLEWHITE

Plaintiffs - Appellants

v.

DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF
AMERICA, Veterans Health Administration; JOHN DOES; JANE DOES, 1-
15

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-162

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Appellants, Mr. Percy Applewhite and Mrs. Louise Applewhite, appeal the judgment entered against them on their informed consent and loss of consortium claims under the Federal Tort Claims Act ("FTCA"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-61105

## I. FACTS AND PROCEDURAL HISTORY

In 2002, Mr. Applewhite was diagnosed with prostate cancer and sought treatment at the G.V. Montgomery Veterans Affairs Medical Center in Jackson, Mississippi ("VA").  At the VA, Mr. Applewhite met with Dr. Steven Riggs to discuss treatment options, including a surgical procedure called Radical Retropubic Prostatectomy ("RRP"), which is a procedure designed to remove a patient's prostate.  Because of his physical condition at the time, Mr. Applewhite was considered an excellent candidate for an RRP.  The United States presented evidence that, after being informed of certain risks involved with the procedure and the alternatives to it, Mr. Applewhite agreed to undergo the surgery by signing a consent form.  Mr. Applewhite underwent the RRP during which he suffered a laceration to his rectal wall, which allegedly caused him to suffer from several serious conditions.

Appellants then brought this suit against the United States, alleging, among other things, that the United States was liable for medical malpractice under the FTCA.  Specifically, Mr. Applewhite alleged that the United States committed medical malpractice by failing to obtain his informed consent before performing the RRP, and Mrs. Applewhite alleged loss of consortium as a result of the United States' negligence.[1]  Mr. Applewhite asserts that he was never told that injury to his rectal wall was a risk of the RRP and, therefore, he never gave informed consent for the surgery.  After a bench trial, the district court entered judgment in favor of the United States and dismissed all of the Applewhites' claims with prejudice.  The district court found that Mr. Applewhite had been

---

[1] Appellants brought other claims against the United States, but they appeal only the district court's dismissal of their informed consent and loss of consortium claims.  Accordingly, we address only those claims.

No. 08-61105

informed of the risk of a rectal tear and gave informed consent to the procedure. Alternatively, the district court found that, even if Mr. Applewhite had not given informed consent, the United States was still entitled to a favorable judgment because Mr. Applewhite failed to prove that the United States' alleged failure to inform was the cause of his injuries. The court dismissed Mrs. Applewhite's loss of consortium claim because it could not be maintained independently of Mr. Applewhite's claim. Appellants then brought this appeal.

## II. STANDARD OF REVIEW

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

## III. DISCUSSION

### A.    Mississippi Law Governs

State substantive law applies in suits brought under the FTCA, *Simon v. United States*, 891 F.2d 1154, 1156 (5th Cir. 1990), and we apply the law of the state in which the suit arises, *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986). Because this suit arose in Mississippi, its tort law governs.

### B.    Informed Consent

In order to succeed on his informed consent claim, Mr. Applewhite had to prove that his injuries were caused by the United States' alleged failure to inform him of the risk of a rectal tear.[2] *Latham v. Hayes*, 495 So. 2d 453, 458 (Miss. 1986) ("[T]here [must be a] causal connection between the lack of

---

[2] Mr. Applewhite challenges both the district court's informed consent and causation findings. We do not reach the issue of whether Mr. Applewhite actually gave informed consent, because we find that the district court properly found for the United States on the basis of causation.

information and the injury."). In order to prove causation, Mr. Applewhite had to show that a reasonable patient would have withheld his consent to the RRP had he been properly informed of the risk of a rectal tear. *See Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1364 (Miss. 1990) (stating that under one of the "two subelements of causation [a] plaintiff must show that a reasonable patient would have withheld consent had she been properly informed of the risks, alternatives, and so forth"); *Goleman v. Orgler*, 771 So. 2d 374, 377 (Miss. Ct. App. 2000) (showing that a plaintiff must establish that consent would not have been given had the undisclosed risk been known); *see also Cobbs v. Grant*, 502 P.2d 1, 11-12 (Cal. 1972) ("Such causal connection arises only if it is established that had revelation been made consent to treatment would not have been given.").[3] The district court found that a reasonably prudent patient when presented with the risk of a rectal tear would not have withheld his consent to the surgery.[4] Mr. Applewhite contends that the district court's finding is clearly erroneous.[5] We disagree.

---

[3] In adopting the reasonable patient standard, the Mississippi Supreme Court cited this California Supreme Court case. *Reikes v. Martin*, 471 So. 2d 385, 392 (Miss. 1985).

[4] In their brief, Appellants state: "Judge Barbour found that *Percy Applewhite* would have been unreasonable not to have had the surgery given the facts." (emphasis added). The district court, however, analyzed the question objectively. It found that a reasonably prudent person when properly informed of the risks of an RRP, including the risk of a rectal tear, would have consented to the operation.

[5] Appellants also contend that the district court's reasonable person finding failed to satisfy Federal Rule of Civil Procedure ("Rule") 52's requirement that factual findings be sufficiently definite for appellate review. *See Chandler v. City of Dallas*, 958 F.2d 85, 88-90 (5th Cir. 1992). Appellants contend that the district court's finding fails to satisfy Rule 52 because the court stated its finding in the following manner: "The court further finds that a reasonably prudent person, when presented with that information, would consent to proceed with the operation in spite of the risks." Appellants assert that the district court's finding is not sufficiently definite for appellate review because it is unclear what the phrase "that

No. 08-61105

Mr. Applewhite, as the plaintiff, had the burden of proof on causation, and the district court found that he failed to meet his burden. We will only overturn the district court's determination as clearly erroneous if the court's determination is implausible in light of the record as a whole. *See Bartmess v. Fed. Crop Ins. Corp.*, 845 F.2d 1258, 1261 (5th Cir. 1988) ("If, however, considering the entire record, the district conclusion is plausible, it must be upheld."). The record here does not show that the district court's finding is implausible. To the contrary, the record contains a wealth of evidence proving lack of causation. The testimony of Dr. Paul Alphonse, Jr., who was the Appellants' medical expert, and Dr. Gordon, who was Mr. Applewhite's attending surgeon, shows that rectal tears are a rare and uncommon complication of an RRP. Dr. Gordon, in accord with Dr. Derek Miles, who was the United States' expert in urological surgery, testified that he never had a patient decide against an RRP based on the minor risk of a rectal tear. Moreover, the record shows that seventy to eighty percent of all prostate cancer patients, who have the same pathology and comorbidities as Mr. Applewhite, choose to undergo an RRP.[6]

---

information" referenced. This argument is meritless as the context makes clear that the phrase "that information" refers to the information at the heart of this case—the risk of a rectal tear. We reject Appellants' assertion that the court's finding failed to satisfy Rule 52. *See Chandler*, 958 F.2d at 88 (stating that one of the purposes of Rule 52 is to provide "findings explicit enough to enable appellate courts to carry out a meaningful review").

[6] Mr. Applewhite relies heavily on the fact that, in general, twenty to thirty percent of all prostate cancer patients choose not to undergo an RRP. This general fact, however, does not show the causal connection required by Mississippi law; without more, this fact does not show that the district court's reasonable patient finding was clearly erroneous. *Latham*, 495 So. 2d at 458 ("[T]here [must be a] causal connection between the lack of information and the injury.").

No. 08-61105

Based on the record before us, we are not firmly convinced that the district court's reasonable patient finding was implausible or mistaken; therefore, we hold that the district court's finding was not clearly erroneous. *See Bartmess*, 845 F.2d at 1261; *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (stating that "factual findings are clearly erroneous only if, after reviewing the record, we are firmly convinced that a mistake has been made"). Accordingly, we find that the district court did not err in ruling against Mr. Applewhite's informed consent claim because Mr. Applewhite failed to prove causation as required by Mississippi law. *See Barton v. Estate of Buckley*, 867 So. 2d 271, 274 (Miss. Ct. App. 2004) (affirming the dismissal of a plaintiff's informed consent claim when he "fail[ed] to show that a reasonable patient, once informed of the [undisclosed] risks, would have withheld consent").

## C.    Loss of Consortium

Mrs. Applewhite's claim for loss of consortium is derivative of Mr. Applewhite's informed consent claim and cannot be maintained independently of his claim. *See J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006) ("Loss of consortium is similarly derivative, and Mississippi law dictates that if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own."). Because the district court properly dismissed Mr. Applewhite's claim on the basis of causation, we find that the district court did not err in dismissing Mrs. Applewhite's claim for loss of consortium. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.