# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01999-SCT

*CHARLIE RADDIN, JACOB WOODARD, KYLE CORLEY, BRIAN STEPHENSON AND JEROLD HOLLOWELL*

*v.*

*MANCHESTER EDUCATIONAL FOUNDATION, INC., YAZOO CITY MEDICAL CLINIC, P.A., AND DR. WILLIAM THOMPSON*


| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2013 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| TRIAL COURT ATTORNEYS: | JOHN DAVID PRICE |
| | JOHN MARTIN LASSITER |
| | CECIL MAISON HEIDELBERG |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN MARTIN LASSITER |
| | CHRISTOPHER DANIEL MEYER |
| | JOSEPH S. GATLIN, III |
| ATTORNEYS FOR APPELLEES: | JOHN DAVID PRICE |
| | JOSHUA J. WIENER |
| | CECIL MAISON HEIDELBERG |
| | STUART BRAGG HARMON |
| | WALTER T. JOHNSON |
| | JOSEPH GEORGE BALADI |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 10/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    This civil suit was filed by five alumni of Manchester Educational Foundation, Inc., ("Manchester") after the dean of students, Richard Darden, admitted to viewing male students while they showered in his home.[1] The five alumni attended Manchester at various times from 1997 until 2003. The trial court granted summary judgment in favor of Manchester, Dr. William Thompson, and The Yazoo City Medical Clinic, P.A., holding that the statute of limitations as to Plaintiffs' alleged claims was not tolled until Plaintiffs learned of Darden's confession to voyeurism, because the five alumni should have known, with due diligence, that they were injured by the activities they engaged in with Darden for several years. Finding that the trial court did not err in awarding summary judgment in favor of these defendants, this Court affirms the judgment of the Yazoo County Circuit Court.

**STATEMENT OF THE FACTS AND PROCEEDINGS BELOW**

¶2.    Richard Darden was hired by Manchester in 1979. Darden was employed by Manchester for more than twenty-five years, serving as the trainer for the football team, coach/sponsor of the golf team, and a teacher. He eventually was named dean of students. On May 6, 2010, several students from Manchester discovered Darden viewing them while they showered in his home after a football practice. Manchester immediately terminated Darden's employment after he self-reported his behavior to Headmaster Bryan Dendy. Darden subsequently pleaded guilty to three counts of voyeurism. He was sentenced to five years for each count, for a total of fifteen years, all to be served on unsupervised probation. Darden was ordered to register as a sex offender, *inter alia*.

---

[1] None of the victims of the 2010 voyeurism is a party to this lawsuit.

2

¶3.     After reports of Darden's arrest were made public, Charlie Raddin, Jacob Woodard, Kyle Corley, Brian Stephenson, and Jerold Hollowell ("Plaintiffs") filed suit on May 26, 2010, which lawsuit was later amended, against Richard Darden, Manchester, Mississippi Association of Independent Schools, Inc., The Yazoo City Medical Clinic, P.A., Dr. William Thompson, GuideOne Mutual Insurance Company, Medical Assurance Company of Mississippi, and Tudor Insurance Company, alleging claims of invasion of privacy, outrage, infliction of emotional distress, battery, battery by improper physicals, negligence, negligent hiring, negligent training, negligent supervision, negligent entrustment, negligent retention, breach of contract, and breach of fiduciary duty. Plaintiffs also sought declaratory judgments against each of the three insurance companies, alleging that their allegations triggered coverage under the policies.

¶4.     At some point from 1997 until 2003, each Plaintiff played sports for Manchester. In order to play sports for Manchester, each Plaintiff was required to undergo and pass a physical. Dr. Thompson has acted as the team doctor for Manchester for numerous years. Dr. Thompson and The Yazoo City Medical Clinic (collectively "Dr. Thompson") voluntarily offered free physicals to Manchester students. Darden, who received a medical degree from the University of Mississippi Medical Center in the 1970s,[2] was allowed to assist Dr. Thompson with these physicals performed at the Clinic for a number of years. A typical physical included checking and recording vital signs, height, weight, and blood pressure; checking for hernia; examining ear, nose, throat, heart, and lungs; and a general neuro-

---

[2] However, Darden was never licensed.

muscular skeletal exam. Dr. Thompson never received any complaint about Darden with respect to his assistance with physicals or otherwise.

¶5. Additionally, students, including Plaintiffs, often stayed overnight at Darden's home and used his showers after football practices and games. Plaintiffs testified that the showers in the Manchester field house were used as storage and were not clean. None of the Plaintiffs testified that he had direct evidence that Darden ever watched him take a shower from his reported secret room.

¶6. Plaintiffs also testified that Darden's home often was used as a "common meeting ground" for Manchester students. Plaintiffs testified that, on occasion, while staying at Darden's home, Darden would participate in wrestling matches with the students.

¶7. Manchester filed a motion for summary judgment, which Darden joined, arguing that all Plaintiffs' claims were barred by the statute of limitations, because all of the alleged acts occurred during or before 2003.[3] Moreover, Plaintiffs reached their age of majority between 2002 and 2007.[4] Dr. Thompson and the Yazoo Clinic also filed a motion for summary judgment, arguing that they were "qualified volunteers" under Mississippi law and immune

---

[3] Jerold Hollowell graduated from Manchester in 2000. Charles Raddin graduated from Manchester in 2001. Jacob Woodard graduated from Manchester in 2002. Brian Stephenson graduated from Manchester in 2003. Kyle Corley last attended Manchester in 2003.

[4] Jerold Hollowell turned twenty-one on September 19, 2002. Charles Raddin turned twenty-one on November 4, 2003. Jacob Woodard turned twenty-one on September 23, 2004. Brian Stephenson turned twenty-one on March 4, 2006. Kyle Corley turned twenty-one on January 28, 2007.

from liability pursuant to Section 95-9-1 of the Mississippi Code and that the claims were time-barred under the applicable statute of limitations.

¶8.     In response to the motions for summary judgment, Plaintiffs argued that the discovery rule applied to toll the statutes of limitation because Plaintiffs should not have known of any injury until the facts surrounding Darden's resignation became public.

¶9.     At the hearing on the motions for summary judgment, Manchester and Dr. Thompson argued that all intentional claims were barred by the one-year statute of limitation and that the discovery rule did not apply to any intentional tort. Those claims included intentional battery claims, invasion of privacy, outrage, and emotional distress, i.e., wrestling with Darden, having physicals performed by Darden, having Darden administer drug tests, all of which occurred prior to 2003. Manchester and Dr. Thompson also argued that the three-year statute of limitations served to bar the remaining claims, which were breach of an unwritten contract, as well as all of the general-negligence claims.

¶10.    Plaintiffs admitted that they were never injured during the wrestling matches or the physical exams as they were occurring. They also admitted that they were aware they were being touched during the wrestling matches and physical exams; therefore, they all had knowledge that physical contact was occurring. Plaintiffs argued that, although the events took place before 2003, the discovery rule applied to each alleged claim because the discovery rule applies to latent injuries and that they could not have known the nature of Darden's actions and their subsequent injuries until Darden confessed to being a voyeur; therefore, the statutes of limitation on all of their claims were tolled. Plaintiffs argued, at the

5

very least, there was a jury question as to whether they knew or should have known of their injuries prior to May 2010.

¶11. The trial court granted Manchester's and Dr. Thompson's motions for summary judgment based upon the statutes of limitation.

> The Plaintiffs are five (5) young adults claiming that they suffered injuries from Richard Darden after learning that Darden admitted to voyeurism in 2010. The Plaintiffs basically interacted with Darden over a period of time from 1999 [until] 2003. The Plaintiffs further claim that they did not realize they had a claim of action against Darden until he was convicted of voyeurism in 2010, and [state] that they suffered a latent injury and the discovery rule is applicable to the statute of limitation in this matter. The Defendants argue[] that the discovery rule is not applicable, in this matter, and the statute of limitation has expired. The focus is on whether the Plaintiffs suffered a latent injury and the discovery rule provided an exception to the standard statute of limitation of Plaintiffs' claims.
>
> . . .
>
> The Court after reading the deposition of all the Plaintiffs finds that at some point, all of the Plaintiffs thought or someone mention[ed] to them, that Darden's behavior might have been unusual. This included each Plaintiff's statement that Darden saw them naked in the locker room, or touched them on their genitals while wrestling and giving them a physical examination, or told them to drop their pants and underwear while he paddled them at his home or gave them a physical. One Plaintiff even stated he spoke with another coach when he felt Darden inappropriately touched his genitals. . . . The various Plaintiffs state they experienced these incidents while in the ninth, tenth, eleventh and/or twelfth grades.
>
> Therefore, the Plaintiffs were at an age that they should have, with due diligence, made an effort to discover if they were injured by the activities they engaged in with Darden for 4-5 years.

The trial court entered a Rule 54(b) order, declaring the judgment a final judgment for purposes of the rule, as to Manchester, Dr. Thompson and the Yazoo Clinic. Plaintiffs timely filed notice of this appeal, raising the following issue:

6

Whether the Yazoo County Circuit Court erred in granting Defendants' Motions for Summary Judgment in determining there was no genuine issue of material fact that Plaintiffs knew or should have known of their injuries prior to May 2010.

**ANALYSIS**

¶12. It is well-settled that this Court applies a *de novo* standard of review to a circuit court's grant or denial of summary judgment. ***Indem. Ins. Co. of N. Am. v. Guidant Mut. Ins. Co.***, 99 So. 3d 142, 149 (Miss. 2012). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). This Court views the evidence "in the light most favorable to the party against whom the motion has been made." ***Daniels v. GNB, Inc.***, 629 So. 2d 595, 599 (Miss. 1993). However, the opposing party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Miss. R. Civ. P. 56(e).

¶13. "The question of whether a statute of limitations is tolled by the discovery rule often turns on the factual determination of 'what the plaintiff knew and when.'" ***Stringer v. Trapp***, 30 So. 3d 339, 342 (Miss. 2010) (quoting ***Huss v. Gayden***, 991 So. 2d 162, 168 (Miss. 2008)). Thus, "'[o]ccasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the

conclusion.'" ***Stringer***, 30 So. 3d at 342 (quoting ***Smith v. Sanders***, 485 So. 2d 1051, 1053 (Miss. 1986)). *See also* ***Benvenutti v. McAdams***, 162 So. 3d 808, 814 (Miss. 2015).

¶14.    The discovery rule applies only "[i]n actions for which no other period of limitation is prescribed." Miss. Code Ann. § 15-1-49(2) (Rev. 2012). The discovery rule tolls the statute of limitations for (1) latent injuries or (2) nonlatent injuries where the negligence that caused the injury is not known. *See* ***Huss v. Gayden***, 991 So. 2d 162, 165-66 (Miss. 2008); ***Sutherland v. Estate of Ritter***, 959 So. 2d 1004, 1008-09 (Miss. 2007). "[A]n individual may not take shelter in the 'discovery rule' when reasonable minds could not differ that the plaintiff possessed sufficient information to bring a claim." ***Huss***, 991 So. 2d at 167. Additionally, because Plaintiffs were minors at the time of the alleged conduct, the statutes of limitation were tolled until they reached the age of majority. *See* Miss. Code Ann. § 15-1-59.

¶15.    "A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." ***PPG Architectural Finishes, Inc. v. Lowery***, 909 So. 2d 47, 50 (Miss. 2005) (citing ***Donald v. Amoco Prod. Co.***, 735 So. 2d 161, 168 (Miss. 1999)). "For an injury to be latent it must be undiscoverable by reasonable methods." ***Id.*** This Court has held that if there is no latent injury, the discovery rule cannot apply. ***Id.***

**I. Intentional Torts– One-Year Statute of Limitations**

¶16.    This Court has applied the discovery rule only to the intentional tort of defamation. *See **Staheli v. Smith***, 548 So. 2d 1299, 1302 (Miss. 1989) (This Court created an exception for "that limited class of libel cases in which, because of the secretive or inherently undiscoverable nature of the publication the plaintiff did not know, or with reasonable diligence could not have discovered, that he had been defamed. In such rare instances, we do not believe a plaintiff can be accused of sleeping on his rights."). In ***Tichenor v. Roman Catholic Church of Archdiocese of New Orleans***, 32 F.3d 953, 962 (5th Cir. 1994), the Fifth Circuit held that the plaintiff's evidence that he had experienced a latent injury was insufficient to invoke the discovery rule as to his claims of illicit sex, invasion of privacy, defamation, and libel. We decline to extend the discovery rule to the intentional torts alleged in this action.

¶17.    This Court must look to the face of the pleadings to determine whether Plaintiffs brought their claims for intentional torts within one year of the time they allegedly were injured. From the face of the pleadings, Plaintiffs did not timely file their intentional tort claims, for this suit was filed in 2010, seven years after the last Plaintiff graduated and more than three years after the last Plaintiff reached the age of majority. Therefore, we find that the trial court did not err in granting summary judgment in favor of Manchester and Dr. Thompson as to the intentional tort claims because these claims are time-barred. Additionally, the discovery rule does not apply in this case because Plaintiffs cannot allege a claim of latent injury.

**A.    Battery (During Wrestling Matches and Sports Physicals)**

9

¶18.    The intentional tort of battery requires harmful or offensive contact with a person. *Whitten v. Cox*, 799 So. 2d 1, 8 (Miss. 2000). Therefore, actual touching is an essential element of battery. Plaintiffs allege that physical contact occurred during the wrestling matches at Darden's home and while Darden performed physicals on Plaintiffs. All of the wrestling matches and physicals occurred no later than 2003.

¶19.    All Plaintiffs admit that, in a typical battery action, the action would be ascertainable to one at the time of the touching. Plaintiffs were aware of the touching as it was occurring; therefore, there was no latent injury. One Plaintiff even admitted that he considered the physical contact, of being struck by Darden, an assault at the time it occurred. Furthermore, each Plaintiff admitted that no injury occurred during the physicals and that physicals performed by Darden were ordinary physicals, similar to the ones performed by Dr. Thompson. Plaintiffs testified that the fact that Darden was not licensed to practice medicine did not cause any injury to the Plaintiffs. Because Plaintiffs are unable to prove a latent injury, all battery claims are barred by the one-year statute of limitations.

¶20.    Plaintiffs argue that their cause of action for battery could not have accrued until Darden was charged with voyeurism. They further argue that the discovery rule should toll the statute of limitations because the battery was "secretive and inherently undiscoverable." However, Plaintiffs cite no authority for this premise that an injury for battery can arise more than seven years after the actionable conduct. Since Plaintiffs' arguments are unsupported by any case authority, they need not be considered. *See Farm Servs., Inc. v. Oktibbeha Cnty. Bd. of Supervisors*, 860 So. 2d 804, 810 (Miss. 2003) ("Failure to cite case law in support

10

of an argument precludes this Court from considering the assignment of error on appeal." *See also **Hewlett v. State***, 607 So. 2d 1097, 1107 (Miss. 1992).

¶21. Plaintiffs admittedly were aware of the touching when it occurred. The only new information is the public knowledge of Darden's actions as to the three students who caught Darden viewing them while showering and his designation as a pedophile. Darden's motives and/or Manchester's or Dr. Thompson's alleged failure to act or discover Darden's motives are irrelevant to these actions. Darden's motion, i.e., secretly gratifying his lust, does not change the physical nature of Darden's conduct. If the touching was inappropriate at the time it occurred, it was inappropriate no matter what Darden was thinking during the contact.

¶22. The claim for wrongful touching began at the time of the touching, not eight years later. There is no caselaw to support Plaintiffs' argument that the statute of limitations for battery was tolled until they learned of Darden's arrest for voyeurism. Therefore, we find the trial court did not err in granting summary judgment in favor of Manchester and Dr. Thompson as to Plaintiffs' battery claims.

**B.      Invasion of Privacy**

     *1.      During Drug Screenings[5] and Sports Physicals*

¶23. The tort of invasion of privacy is comprised of four distinct and separate subtorts which are as follows:

    1. The intentional intrusion upon the solitude or seclusion of another;
    2. The appropriation of another's identity for an unpermitted use;
    3. The public disclosure of private facts; and

---

    [5] Plaintiff Raddin testified that he did not participate in any drug screenings; therefore, he alleged no such claims.

4. Holding another to the public eye in a false light.

*Plaxico v. Michael*, 735 So. 2d 1036, 1039 (Miss. 1999) (quoting *Candebat v. Flanagan*, 487 So. 2d 207, 209 (Miss. 1986)). Plaintiffs allege that Darden's presence at drug screenings as a collector of urine samples and at sports physicals were invasions of their privacy. However, Plaintiffs cite no authority in which the discovery rule has been applied to toll the statute of limitation for invasion-of-privacy claims.

¶24.    There was nothing secretive about the monitoring process of the drug screens or the physicals. All students were aware that they were being monitored by Darden or other male teachers/coaches while specimens were being collected and that physicals were being performed by Darden or Dr. Thompson while the students were undressed.  All sports physicals occurred no later than 2003, and all drug screenings occurred no later than 2002. The discovery rule does not toll the statute of limitations for their claims for invasion of privacy during the drug screens and physicals, and these claims are time-barred.

    2.    *During Sleepovers*

¶25.    Plaintiffs also allege that Darden invaded their privacy during times when Plaintiffs spent the night at Darden's home. Although Darden reportedly used a peep hole to observe Manchester students in 2010, there is no evidence that the peep hole existed during the period of time that Plaintiffs spent the night at Darden's home. All sleepovers occurred no later than 2003. Plaintiffs have admitted they have no evidence that Darden watched them in the shower.  Mere allegations in a complaint are insufficient to create a genuine issue of material fact and thus cannot defeat a motion for summary judgment. *Stuckey v. The Provident Bank*,

12

912 So. 2d 859, 871 (Miss. 2005). Because there is no evidence that Darden watched Plaintiffs while they showered in his home, there also is no evidence of a latent injury. Without a latent injury, the statute of limitations is not tolled, and Plaintiffs' claims are time-barred. Therefore, we find that the trial court properly granted summary judgment in favor of Manchester and Dr. Thompson as to Plaintiffs' claims of invasion of privacy.

### C.    *Emotional Distress and Outrage*

¶26.    Plaintiffs allege that the drug testing, sports physicals, and alleged voyeurism create a claim for infliction of emotional distress. Nothing in the record suggests the drug testing, sports physicals, and alleged voyeurism were anything other than intentional. Given the fact that Plaintiffs admit that no injury was sustained at the time of the drug screens and physicals, these procedures cannot be the basis for a claim of intentional infliction of emotional distress. Additionally, claims for infliction of emotional distress are barred by the one-year statute of limitations. *See* Miss. Code Ann. § 15-1-35 (Rev. 2012).

¶27.    Plaintiffs also allege a claim for outrage, however, "[t]his Court has recognized outrageous conduct as a tort more commonly known as the intentional infliction of emotional distress." **Donald v. Amoco Prod. Co.**, 735 So. 2d 161, 179 (Miss. 1999). Therefore, these claims, like the claims of infliction of emotional distress, are time-barred.

## II. Negligence and Breach of Contract Claims – Three-Year Statute of Limitations

¶28.    On the face of the complaint, all remaining claims governed by the three-year statute of limitations are time-barred, because this suit was filed more than three years after the youngest Plaintiff reached the age of majority. Because all of the Plaintiffs testified that they

13

were not injured while they were students at Manchester, they cannot now claim a latent injury invokes the discovery rule. If Plaintiffs cannot prove a latent injury, there is no tolling of the statutes of limitation. Furthermore, Plaintiffs cite no cases where the discovery rule has been applied to toll the running of the statue of limitations on a claim for breach of an unwritten contract. We find that the trial court properly held that Plaintiffs' negligence and breach-of-contract claims were time-barred.

## CONCLUSION

¶29. Because all alleged intentional torts occurred more than one year prior to Plaintiffs filing suit and all alleged negligence claims occurred more than three years before Plaintiffs filed suit, the trial court properly granted summary judgment in favor of Manchester and Dr. Thompson based on the claims being time-barred. This Court affirms the judgment of the Yazoo County Circuit Court.

¶30. **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.  PIERCE, J., NOT PARTICIPATING.**