# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00518-COA

| | |
|---|---|
| CHRIS SHARKEY, AS ADMINISTRATOR OF THE ESTATE OF CEDRIC SHARKEY, DECEASED | APPELLANT |

v.

| | |
|---|---|
| FRANK BARBER | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/2015 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID WAYNE BARIA |
| | ROBERT C. WILLIAMSON JR. |
| | BRANDON CURRIE JONES |
| ATTORNEY FOR APPELLEE: | J. NILES MCNEEL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | DISMISSED ALL CLAIMS AGAINST APPELLEE |
| DISPOSITION: | AFFIRMED - 02/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, J., FOR THE COURT:**

¶1.     Under section 15-1-49(2)'s discovery rule, in actions "involv[ing] latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."[1]   But this provision only applies

---

[1] Miss. Code Ann. § 15-1-49(2) (Rev. 2012).

to "actions for which no other period of limitation is prescribed[.]"[2]  Here, the three causes of action Chris Starkey asserted against Frank Barber were intentional torts, subject to section 15-1-35's prescribed one-year limitation period.[3]  So section 15-1-49(2)'s discovery rule did not apply.[4]  Instead, the one-year limitation period began the day the underlying battery occurred, and it ended months before Chris filed suit.

¶2.     Because Chris's claims against Frank were untimely, we affirm the circuit court's judgment dismissing these claims.

### Background Facts and Procedural History

¶3.     On July 28, 2014, Chris, as administrator of his brother Cedric Sharkey's estate, filed suit against Frank, Frank's brother Steven Barber, and Barry Ware.  Chris asserted three causes of action—(1) wrongful death, (2) intentional infliction of emotional distress, and (3) civil conspiracy—all arising from his brother's murder on January 7, 2012.

¶4.     According to Chris's complaint, Frank, Steven, and Barry had confronted Cedric about stealing a piece of scrap metal.  They demanded Cedric ride with them to the police station.  Instead, Cedric sped off in his car, and the three men pursued him in a truck.  A couple of miles into the chase, Cedric's car veered off the road and hit a tree.  Cedric abandoned his vehicle and ran into the woods.  The three men ran after him.  Barry started shooting at Cedric, hitting him multiple times.  Cedric died from the gunshots.

---

[2] *Id.*

[3] *See* Miss. Code Ann. § 15-1-35 (Rev. 2012).

[4] *Raddin v. Manchester Educ. Found. Inc.*, 175 So. 3d 1243, 1249 (¶15) (Miss. 2015).

2

¶5. According to the record, Frank, Steven, and Barry were all arrested the same day Cedric died. A month later, Frank and Barry were indicted for murder. Eventually, in September 2014, Frank pled guilty to accessory after the fact to murder.

¶6. In December 2014, Frank filed a motion to dismiss for failure to state a viable claim. *See* M.R.C.P. 12(b)(6). Frank asserted all three claims fell under the one-year statute of limitations for intentional torts. *See* Miss. Code Ann. § 15-1-35 (Rev. 2012). So Chris's suit—filed eighteen months after Cedric was killed—was time-barred.

¶7. Chris responded with two arguments: (1) section 15-1-49(2) tolled the statute of limitations because Chris did not discover Frank's role in Cedric's death at the time he was killed; and (2) section 15-1-67 also tolled the statute of limitations because Frank had "concealed his true role and thus [Chris's] cause of action . . . until he pled guilty . . . on September 24, 2014"—two months *after* Chris sued Frank. *See* Miss. Code Ann. § 15-1-49(2) (discovery rule); Miss. Code Ann. § 15-1-67 (Rev. 2012) (fraudulent concealment).

¶8. The circuit court granted Frank's motion. The court found all three claims were subject to the one-year statute of limitations for intentional torts. And Frank's role in Cedric's death was not hidden or undiscoverable because Frank was immediately arrested for murder, so this one-year period was not tolled. Instead, it began January 7, 2012, the day Cedric was murdered, and ran months before Chris filed suit.

¶9. The circuit court dismissed all three claims against Barber. *See, e.g.*, *Burch v. Ill. Cent. R.R.*, 136 So. 3d 1063, 1068 (¶11) (Miss. 2014) (affirming the trial court's dismissal of a suit because the statute of limitations had expired by the time the complaint was filed).

3

The court then certified its judgment as final under Mississippi Rule of Civil Procedure 54(b).[5] Chris timely appealed.

¶10. We review the order dismissing Chris's claims against Frank de novo, taking the facts alleged in the complaint as true. *See Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1275, 1274 (¶6) (Miss. 2006); *see also Burch*, 136 So. 3d at 1065 (¶3) ("The de novo standard also applies to the application of a statute of limitations, which is a question of law.").

**Discussion**

¶11. On appeal, Chris concedes all three causes of action are subject to section 15-1-35's one-year statute of limitations.[6] But he asserts the one-year period was tolled by the discovery rule and by Frank's fraudulent concealment.

### I. "Discovery Rule"

¶12. "The discovery rule applies *only* 'in actions for which no other period of limitation is prescribed.'" *Raddin* ,175 So. 3d at1249 (¶14) (emphasis added) (quoting Miss. Code

---

[5] Under Rule 54(b):

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a *final judgment* as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.

(Emphasis added). Here, the order dismissing Chris's claims against Frank did not address the other two defendants, Steven and Barry. So this order would have been interlocutory had the circuit court not certified the judgment in favor of Frank as final under Rule 54(b).

[6] In his initial brief, Chris argued his civil-conspiracy claim was subject to a three-year statute of limitations. But in his reply brief, he conceded the limitation period for civil conspiracy is subject to the period associated with the underlying intentional tort.

Ann. § 15-1-49(2)). But here, Chris's three causes of action had prescribed limitations periods. So the discovery rule does not apply.

¶13. Chris's three theories of recovery are wrongful death, civil conspiracy, and intentional infliction of emotional distress. "[A] wrongful death action, since it is predicated on an underlying tort, is limited by the statute of limitation applicable to the tort resulting in the wrongful death." *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So. 2d 1040, 1042 (¶4) (Miss. 1999). Chris alleged Cedric died due to the intentional torts of assault and battery, which are subject to section 15-1-35's one-year period. *See id.* (applying section 15-1-35 to a wrongful-death claim based on murder). Likewise, the claim of civil conspiracy does not stand alone, but is dependent on conspiring to commit a particular wrong—in this case, the intentional tort of assault. *See Aiken v. Rimkus Consulting Grp. Inc.*, 333 F. App'x 806, 812 (5th Cir. 2009) (per curiam) (citing *Wells v. Shelter Gen. Ins.*, 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002)). So Chris's civil-conspiracy claim is also limited by section 15-1-35. *See McGuffie v. Herrington*, 966 So. 2d 1274, 1278 (¶8) (Miss. Ct. App. 2007) (citing *Gasparrini v. Bredemeier*, 802 So. 2d 1062, 1065-66 (¶¶7-10) (Miss. Ct. App. 2001)) (applying one-year statute of limitations to civil-conspiracy claim). Finally, the claim of intentional infliction of emotional distress too falls under section 15-1-35. *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (¶26) (Miss. 2010).

¶14. Recently, in *Raddin*, the Mississippi Supreme Court expressly "decline[d] to extend the discovery rule to the intentional torts alleged in [that] action."[7] *Raddin*, 175 So. 3d at

---

[7] As acknowledged in *Raddin*, the supreme court "has applied the discovery rule only to the intentional tort of defamation." *Raddin*, 175 So. 3d at 1250 (¶16) (citing *Staheli v.*

1250 (¶16).  Among the intentional torts asserted in that case were assault, battery, and intentional infliction of emotional distress.  *Id.* at (¶18), 1252 (¶26).  Because all three of Chris's claims are intentional torts, section 15-1-49(2) does not apply.  *Id.* at 1249 (¶14).  So Chris cannot appeal to the discovery rule to save his untimely claim.

## II.  Fraudulent Concealment

¶15.    Nor does section 15-1-67's tolling provision provide Chris any relief.  Unlike section 15-1-49(2), section 15-1-67 may apply to intentional-tort claims.  *See Goleman v. Orgler*, 771 So. 2d 374, 377 (¶9) (Miss. Ct. App. 2000).  But after de novo review, we agree section 15-1-67 has no application here because the causes of action were not concealed from Chris.

¶16.    "Fraudulent concealment tolls the limitations period until the claim is discovered or should have been discovered."  *Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983, 986 (¶9) (Miss. Ct. App. 2006) (citing Miss. Code Ann. § 15-1-67).[8]  To benefit from section 15-1-67, Chris would have to show: (1) Frank "engaged in some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of a claim, and (2) though [Chris] acted with due diligence in attempting to discover the claim, [he was] unable to do so."  *Id.* at 987 (¶9) (citing *Robinson v. Cobb*, 763 So. 2d 883, 887 (¶19) (Miss. 2003)).

---

*Smith*, 548 So. 2d 1299, 1302 (Miss. 1989)).

[8] Under section 15-1-67:

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

¶17. Chris suggests Frank "concealed" the claims by denying *criminal* liability for Cedric's death. But we fail to see how Frank's attempt to beat the murder charge prevented Chris from discovering potential *civil* claims. According to Chris's own argument, Frank never denied being part of the group that chased Cedric. Nor did he deny being there when Cedric was shot. Rather, Frank simply disagreed that his actions rose to the level of murder. So this is not a case where Chris could not have known of Frank's involvement until Frank's codefendant, Barry, confessed.[9] Frank was arrested for taking part in Cedric's death the very day he died. *And* he and Barry were indicted for murder a month later, in February 2012. So at the very latest, Chris's claims against Frank were discoverable by this time.

¶18. Because Chris did not sue Frank until July 2013—five months after the statute of limitations expired—his claims against Frank were not timely. We affirm the circuit court's judgment dismissing these claims.

¶19. **THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, JAMES AND WILSON, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. FAIR AND GREENLEE, JJ., NOT PARTICIPATING.**

---

[9] On appeal, Chris argues he did not learn of Frank's true role in Cedric's death until Barry confessed. But Barry's confession is not part of the record, so we have no way to verify Chris's assertion that he filed suit within a year of this confession. Moreover, Barry's confession is not the first time Chris could have discovered Frank was part of the group that chased Cedric to his death.