IRVING, P.J,
for the Court:
¶ 1. This appeal arises from the Panola County Chancery Court’s denial of Marion Strickland’s request for (1) a preliminary injunction ordering the South Panola School District (school district) and its board of trustees (board) to grant Strickland a hearing regarding his termination, and (2) a temporary restraining order preventing the school district and the board from moving forward with termination proceedings. Strickland focuses on the preliminary injunction and argues that the chancery court erred in refusing to grant his request.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Strickland, a teacher employed with the school district, was arrested for enticing a child pursuant to Mississippi Code Annotated section 97-5-33(7) (Supp.2013). On October 26, 2012, while Strickland was in jail, Keith Shaffer, the superintendent of the school district, hand-delivered a letter to Strickland which informed him that the board had decided to terminate his employment as a result of his arrest. The letter further stated that Strickland had five days from the date of the delivery of the letter to request a hearing. Strickland did not request a hearing until November 4, 2012. Shaffer notified Strickland’s attorney on November 5, 2012, that the board would not grant Strickland’s request for a hearing because the request was not made within five days of Strickland receiving notice.
¶ 4. Strickland filed a complaint for in-junctive relief, requesting that the chancery court issue (1) a preliminary injunction ordering the school district to grant him a hearing and (2) a temporary restraining order prohibiting the school district from moving forward with any termination proceedings. The chancery court denied Strickland’s requests.
¶ 5. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Mississippi Code Annotated section 37-9-59 (Rev.2013) states that
[i]n the event that an employee does not request a hearing within five (5) calendar days of the date of the notice of *369 discharge , it shall constitute a waiver of all rights by said employee and such discharge ... shall be effective on the date set out in the notice to the employee.
Strickland argues that he was “practically unable” to request a hearing within five days because he was incarcerated. He insists that as soon as he was able to meet with his attorney, he had a written request for a hearing delivered to the board. It is clear here that Strickland failed to comply with section 37-9-59, as he requested a hearing outside of the five-day period mandated by the statute. Therefore, he waived his right to request a hearing, and his termination became effective on November 1, 2012.
¶ 7. Despite his failure to comply with section 37-9-59, Strickland argues that the doctrine of equitable tolling applies, suspending the five days mandated by section 37-9-59. He contends that extraordinary circumstances forced him to make his request outside of the time period. The doctrine of equitable tolling provides that the running of the statute of limitations is suspended when “a plaintiffs delay in filing [a complaint] is caused by the defendant’s misrepresentation.” Smith v. Franklin Custodian Funds, Inc., 726 So.2d 144, 149 (¶ 19) (Miss.1998) (citing Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 810 (5th Cir.1991)). The doctrine of equitable tolling does not apply here because the five-day requirement in section 37-9-59 has never been interpreted as a statute of limitations, and because Strickland was requesting a hearing with the school district, not filing a complaint in court. Additionally, Stickland cites nó specific, extraordinary circumstances that kept him from contacting his attorney or the board while incarcerated and cites no authority to support his argument that the timeline set forth in section 37-9-59 may be extended pursuant to the doctrine of equitable tolling.
¶ 8. Even if the theory of equitable tolling applied here, Strickland would have to prove that his delay in requesting a hearing was caused by misrepresentations made by the school district. See Smith, 726 So.2d at 149 (¶ 19). Strickland admitted that the delay was due to his incarceration. He does not allege that his delay was caused by the school district’s misrepresentations, nor is there anything in the record that indicates that Strickland’s delay in requesting a hearing resulted from misrepresentations made by the school district. Thus, the chancery court did not err in its judgment, as Strickland did not timely request a hearing as mandated by section 37-9-59.
¶ 9. THE JUDGMENT OF THE PA-NOLA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.