BEAM, JUSTICE, FOR THE COURT:
¶1. This interlocutory appeal comes before the Court following the Jefferson County Circuit Court's denial of Defendants' motions for transfer of venue and summary judgment in a silica case. On appeal, F & S Sand, Inc.; F & S Sand Abrasive Company, Inc.; Dependable Abrasives, Inc. (Dissolved); Mississippi Valley Silica Company, Inc.; Empire Abrasive *173 Equipment Corporation; Dravo Basic Materials Company, Inc.; and American Optical Corporation (collectively, "Defendants") ask this Court to review whether venue was proper in Jefferson County and whether the claim was time-barred by the statute of limitations. This Court reverses the Circuit Court's denial of summary judgment and renders judgment in favor of Defendants. The venue issue is moot because the claim is time-barred.
FACTS AND PROCEDURAL HISTORY
¶2. On September 26, 2016, plaintiff Ted Stringfellow filed his second silica complaint in Jefferson County after obtaining dismissal of his first silica case in Georgia in 2015. Stringfellow alleged that his complicated silicosis and silica-related conditions had been caused by exposure to respirable crystalline silica during his work as a sandblaster throughout Mississippi, Alabama, Florida, and Georgia. On November 10, 2016, Stringfellow noticed his own deposition and on May 15, 2017, Defendants filed their motions for summary judgment and transfer of venue.
¶3. In their motion for summary judgment, Defendants provided multiple medical exhibits evidencing Stringfellow's knowledge of the injury dating as far back as November 2007, although Stringfellow contended that he had no knowledge of the injury until he was diagnosed with silicosis in October 2014. In November 2007, Stringfellow presented to the hospital with a cough, and medical records evince that doctors discussed his work history as a construction worker. In May 2008, Stringfellow again presented to the hospital complaining of a cough. After two chest x-rays, he was discharged with a diagnosis of bronchitis, painful respiration, other lung disease, diabetes, liver disorder, cough, and shortness of breath. Stringfellow signed discharge papers recommending that he follow up with a pulmonologist, a recommendation Stringfellow acknowledges he disregarded. Moreover, Stringfellow submitted his medical records, which contained findings consistent with "pneumoconiosis (such as silicosis ...)" to the Social Security Administration for disability. Although the record reflects discrepancies in the timing of the application, either 2008 or 2011, Stringfellow discovered his injury well before the time he filed his complaint.
¶4. At the motion hearing on June 19, 2017, the trial judge stated that, while Stringfellow's failure to follow up was troubling because plaintiffs have a responsibility to investigate an injury, he felt ruling on the motion for summary judgment would have been premature. Thereafter, Defendants petitioned this Court for interlocutory appeal, arguing that the trial court's denial of their motions for summary judgment and transfer of venue was erroneous. The Defendant's petition was granted. M.R.A.P. 5.
LAW AND ANALYSIS
I. Standard of Review
¶5. When considering issues of law, such as statutes of limitation, this Court employs a de novo review. Andrus v. Ellis , 887 So.2d 175, 179 (Miss. 2004). When reviewing a trial court's grant or denial of a motion to dismiss or a motion for summary judgment, this Court likewise applies a de novo standard of review. Whitaker v. Limeco Corp. , 32 So.3d 429, 433-34 (Miss. 2010) (citing Burleson v. Lathem , 968 So.2d 930, 932 (Miss. 2007) ).
II. Whether Stringfellow's claims are time-barred by the statute of limitations.
¶6. Under Mississippi Code Section 15-1-49, a plaintiff's cause of action for a latent *174 injury or disease accrues at the point at which he discovered, or by reasonable diligence should have discovered the injury. Section 15-1-49 provides in relevant part,
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
Miss. Code Ann. § 15-1-49 (Rev. 2012).
¶7. In determining whether a plaintiff knew or reasonably should have known that he had an injury, this Court properly considers the symptoms the plaintiff experienced and the action he took as a result. Am. Optical Corp. v. Rankin , 227 So.3d 1062, 1068 (Miss. 2017). To benefit from the discovery rule, "a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury." Wayne Gen. Hosp. v. Hayes , 868 So.2d 997, 1001 (Miss. 2004). "Because there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonabl[y] should have known that an injury existed." Rankin , 227 So.3d at 1075 (quoting PPG Architectural Finishes, Inc. v. Lowery , 909 So.2d 47, 51 (Miss. 2005) ). "This Court has observed that an individual's seeking medical attention for side effects or symptoms may show knowledge of an injury, although other persons may not discover an injury until they review pertinent medical records." Id. (quoting id. ). Others might gain enough actual knowledge through personal observation or experience. Id. (citing id. ).
¶8. In Rankin , this Court held that the applicable three-year statute of limitations began to run under the discovery rule at the time the worker sought treatment for chronic obstructive pulmonary disease rather than the date he was first diagnosed with silicosis by his retained expert pulmonologist. Id. at 1074. While the dissent in Rankin disagreed with the majority that COPD should have been a trigger for the presence of silicosis, id. at 1074 (Kitchens, J., dissenting), this Court held that the evidence conclusively showed plaintiff's knowledge of injury. Id. at 1074.
¶9. This Court has held that "[c]auses of action accrue upon discovery of the injury, not discovery of the injury and its cause." Rankin , 227 So.3d at 1068 (emphasis removed) (quoting Ridgway Lane & Assocs., Inc. v. Watson , 189 So.3d 626, 629 (Miss. 2016) ). "Knowledge of the cause of the injury is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury." Rankin , 227 So.3d at 1068 (quoting Lincoln Elec. Co. v. McLemore , 54 So.3d 833, 838 (Miss. 2010) ).
¶10. Here, as early as November 2007, Stringfellow presented to the hospital with a cough and shortness of breath. At that time, he gave his work history as a construction worker, a fact evidenced by the notes in his medical records. In May 2008, he again presented to the hospital complaining of a cough. After two chest x-rays, a diagnosis of bronchitis and other lung disease, doctors recommended pulmonary follow-up. At the motion hearing, Plaintiff's counsel conceded that he had failed to pursue the recommended follow-up because he was no longer experiencing the symptoms. Moreover, Stringfellow submitted his medical records, notating findings consistent with "pneumoconiosis (such as silicosis...)" to the Social Security Administration for disability. Lastly, *175 Stringfellow was on notice of the prevalence of silicosis in his field of work because of his relationships with his father and his friend who both worked in sandblasting and had filed silicosis suits. While this fact is not determinative of Stringfellow's knowledge of his injury, it suggests that Stringfellow knew of a potential injury.
¶11. The trial judge correctly identified the standard for the discovery rule: "[T]he question of whether a statute of limitations is tolled by the discovery rule often turns on the factual determination of 'what the plaintiff knew and when.' " Stringer v. Trapp , 30 So.3d 339, 342 (Miss. 2010) (quoting Huss v. Gayden , 991 So.2d 162, 168 (Miss. 2008) ). But this Court finds that the trial judge failed to adhere to the second portion, which states, " '[O]ccasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.' " Stringer , 30 So.3d at 342 (quoting Smith v. Sanders , 485 So.2d 1051, 1053 (Miss. 1986) ).
¶12. This Court has held that a plaintiff may not take shelter in the discovery rule when reasonable minds could not differ that the plaintiff possessed sufficient information to bring a claim. Raddin v. Manchester Educ. Found. , 175 So.3d 1243, 1249 (Miss. 2015) (citing Huss , 991 So.2d at 165-66 ). Based on the facts presented at the motion hearing, this Court holds that the statute-of-limitations issue is not a question of fact for the jury because reasonable minds could not differ about the conclusion.
CONCLUSION
¶13. This Court finds that the trial court erred in denying summary judgment because the claims are time-barred. Accordingly, this Court reverses the trial court's denial of summary judgment and renders judgment in favor of Defendants.
¶14. REVERSED AND RENDERED.
RANDOLPH, C.J., MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND COLEMAN, J. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY KITCHENS, P.J.