# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00662-COA

**VERONICA McGEE**                                                              **APPELLANT**

**v.**

**JACKSON STATE UNIVERSITY**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/02/2018 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | VERONICA McGEE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | POPE SHANNON MALLETTE PAUL BOWIE WATKINS JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 07/30/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     Veronica McGee obtained her master's degree from Jackson State University (JSU) in May 2005. Eleven years later, in June 2016, McGee sued JSU after learning that her master's degree failed to satisfy the initial eligibility requirements for a teaching license. McGee asserted claims of breach of express and implied contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress.[1] JSU moved for summary judgment, which the Hinds County Circuit Court, First

---

[1] Although the appellate record contains no copy of McGee's complaint, the order of the Hinds County Circuit Court, First Judicial District, granting JSU summary judgment identifies these as the claims raised in McGee's complaint.

Judicial District, granted.

¶2. On appeal, McGee raises several arguments, which we restate as follows: (1) JSU's 2003-2005 graduate-school course catalog created an implied contract between McGee and JSU; (2) JSU breached the implied contract because its course catalog "intentionally omitted accurate and true facts" regarding the admissions requirements for the graduate program McGee chose to pursue; (3) the three-year statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev. 2012) fails to bar McGee's claims against JSU; and (4) JSU engaged in fraud and/or misrepresentation regarding the admissions requirements for McGee's chosen graduate program. Because we find that section 15-1-49's statute of limitations bars McGee's claims, we affirm the circuit court's grant of summary judgment to JSU.[2]

**FACTS**

¶3. McGee received a bachelor's degree in business administration from Indiana State University. In 2003, McGee enrolled at JSU as a graduate student in the Department of Elementary and Early Childhood Education (the Education Department). McGee testified that an interest in reading problems and disabilities prompted her to return to school to become a certified reading teacher. McGee further testified that JSU's 2003-2005 graduate-school course catalog served as her only information source for choosing a program.

¶4. After consulting the course catalog, McGee entered JSU's Master of Science in

---

[2] With regard to those claims that McGee asserted in her complaint but failed to pursue on appeal, we note that the applicable statutes of limitations applied to bar them as well.

Reading Education Program (the Reading Education Program). The catalog's only stated prerequisite for the Reading Education Program was that "[a]pplicants must hold a baccalaureate degree from an accredited college or university." With her bachelor's degree from Indiana State University, McGee satisfied this requirement. Nowhere in the course description did the catalog represent that the Reading Education Program satisfied the initial eligibility requirements for a teaching license.

¶5.     After completing the two-year Reading Education Program, McGee graduated from JSU in May 2005 with a Master of Science in Reading Education. McGee then took online classes at Nova Southeastern University in Florida and obtained her Doctorate of Education in December 2010. After receiving her doctorate degree, McGee worked as a substitute teacher in Clarke County, Georgia. In 2014, she applied to the Georgia Professional Standards Commission for a Georgia teaching license.

¶6.     In early 2015, McGee learned that her master's degree from JSU failed to satisfy the Mississippi Department of Education's requirements for a Class A initial teacher's license. As Dr. Daniel Watkins, the dean of JSU's College of Education and Human Development, explained in his affidavit:

> The Mississippi Department of Education issues four levels of teaching licenses—Class A (bachelor's degree level), Class AA (master's degree level), Class AAA (specialist degree level), and Class AAAA (doctorate degree level). Once a teacher earns a Class A license, he or she can upgrade . . . [the] license upon earning further advanced degrees.

¶7.     According to Dr. Watkins:

> [The Education Department at JSU] offers several different masters-level degree programs. Typically, these programs do not fulfill Mississippi

3

Department of Education requirements for initial teacher licensure. Some of the students in these programs are already licensed teachers seeking to further their education. Some of the students in these programs are not licensed teachers and do not intend to become licensed teachers. A bachelor's degree in education is not a requirement to be admitted to these programs.

. . . .

I am familiar with the Master of Science degree in Reading Education offered by the College of Education. This program does not incorporate teacher certification tests or student[-]teaching experience, and it does not satisfy Mississippi Department of Education requirements for initial teacher licensure. I am not aware of any course catalog or other document advertising to the contrary. I am not aware of any contrary position ever having been included, from the years 2004 through the present.

The College of Education does offer a Master of Arts in Teaching program that does satisfy Mississippi Department of Education requirements for initial teacher licensure. This program is sometimes called an "alternate[-] route" program. Unlike the Master of Science in Reading Education program, the Master of Arts in Teaching program is specifically designed to train non-education bachelor's degree holders to be teachers.

¶8. As Dr. Watkins stated, the 2003-2005 catalog's course description of the Reading Education Program never represented that the program provided initial teacher licensure. On the same page of the catalog, the catalog described the Master of Arts in Teaching Elementary Education—Alternative Route Degree Program (the MAT Program). The course catalog specifically stated that an objective of the MAT Program was to "provide a mechanism for persons already holding bachelor[-]level non-education degrees to become teachers in grades 4-8 after completing their first twelve hours of the degree requirements." The only prerequisite listed for the MAT Program was that "[a]pplicants must hold a non-teaching baccalaureate degree from an accredited college or university." Thus, as with the Reading Education Program, McGee's non-teaching bachelor's degree qualified her for the

4

MAT Program. McGee testified, however, that she only read the portion of the catalog pertaining to the Reading Education Program, that she did not read the adjacent portion regarding the MAT Program, and that she did not speak to any JSU employee or representative regarding the correct course to take for initial teacher licensure.

¶9. After the Georgia Professional Standards Commission denied her request in 2015 for a teaching license, McGee filed her complaint against JSU in June 2016 and sought over $1 million in damages. In July 2017, JSU moved for summary judgment. Relevant to this appeal, the circuit court found that section 15-1-49's three-year statute of limitations applied as a bar to McGee's claims. Aggrieved, McGee appeals.

## DISCUSSION

¶10. We review de novo a trial court's grant or denial of a summary-judgment motion. *F&S Sand Inc. v. Stringfellow*, 265 So. 3d 170, 173 (¶5) (Miss. 2019). "All evidence will be viewed in the light most favorable to the nonmoving party." *Vicksburg Healthcare LLC v. Dees*, 152 So. 3d 1171, 1174 (¶8) (Miss. 2014). The non-movant "may not[, however,] rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial." *Pigg v. Express Hotel Partners LLC*, 991 So. 2d 1197, 1199 (¶4) (Miss. 2008). "If no genuine issue of material fact exists to be resolved, then summary judgment shall be granted, as a matter of law, in favor of the movant." *Vicksburg Healthcare LLC*, 152 So. 3d at 1174 (¶8). Our caselaw further holds that "summary judgment shall be granted if no genuine issue of material fact exists concerning the question of the running of the statute of limitations." *Brown v. McKee*, 242 So. 3d 121, 127 (¶16)

5

(Miss. 2018).

¶11.    Section 15-1-49(1) provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." The Mississippi Supreme Court has explained that section 15-1-49's three-year statute of limitations "applies to claims of fraud, misrepresentation, concealment, breach of fiduciary duty, conversion, unjust enrichment, unfair competition and business practice, and breach of contract." *Anderson v. LaVere*, 136 So. 3d 404, 411 (¶32) (Miss. 2014) (footnotes omitted). Here, McGee filed her complaint against JSU in 2016 after she was denied a Georgia teaching license. At the heart of McGee's complaint is JSU's 2003-2005 graduate-course catalog, which McGee claims failed to "provide accurate and truthful information concerning the [a]dmission [s]tatement for the Reading Education Program . . . ."

¶12.    As previously discussed, the only prerequisite to enter the Reading Education Program was that applicants "hold a baccalaureate degree from an accredited college or university." McGee's bachelor's degree from Indiana State University satisfied this requirement. Furthermore, according to McGee's own admissions, no JSU employee or representative ever told her that the Reading Education Program would fulfill initial eligibility requirements for a teaching license. In fact, McGee stated that she never consulted any JSU employee or representative prior to or after entering the Reading Education Program. Instead, McGee consulted only the course catalog before choosing her graduate program. And because she was interested in becoming a reading teacher, McGee only read the information about the

6

Reading Education Program, which she agreed never represented that the program fulfilled initial licensure eligibility requirements. McGee also admitted that she never read the catalog information on any of the other graduate education programs—including the description of the MAT Program, which was located beside the Reading Education Program description and which clearly stated that the MAT Program helped non-education bachelor's degree holders obtain initial teacher licensure.

¶13. The record clearly reflects that from 2003 to 2005 McGee had all the information at her disposal that, with the exercise of reasonable diligence on her part, would have led to the discovery of any alleged injury. We therefore conclude that any alleged cause of action McGee may have had against JSU accrued, at the very latest, upon her graduation in May 2005. *See F&S Sand Inc.*, 265 So. 3d at 173-74 (¶6) ("Under . . . [s]ection 15-1-49, a plaintiff's cause of action for a latent injury or disease accrues at the point at which he discovered, or by reasonable diligence should have discovered[,] the injury."). McGee waited, however, until June 2016 to file her complaint against JSU, and she has failed to show that the applicable three-year statute of limitations was tolled. Due to this eleven-year delay in filing her lawsuit, we find the circuit court properly determined that section 15-1-49's three-year statute of limitations bars McGee's claims against JSU. Accordingly, we affirm the circuit court's grant of summary judgment to JSU.

## CONCLUSION

¶14. Because no genuine issue of material fact exists that section 15-1-49's three-year statute of limitations bars McGee's claims, we affirm the circuit court's grant of summary

judgment to JSU.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**