# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00651-COA

**CURTIS CLEARMAN**                                                    **APPELLANT**

**v.**

**PIPESTONE PROPERTY SERVICES, LLC AND**                    **APPELLEES**
**MISSISSIPPI COMMERCIAL LANDSCAPING,**
**LLC**

DATE OF JUDGMENT:              05/26/2022
TRIAL JUDGE:                   HON. BARRY W. FORD
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       TOBY JUSTIN GAMMILL
                               MEGAN ELIZABETH TIMBS
                               ADAM ANTHONY BOLLAERT
                               DEREK L. HALL
ATTORNEYS FOR APPELLEES:       JOSEPH WALTER GILL
                               MARK EDWARD NORTON
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   AFFIRMED - 11/21/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Curtis Clearman slipped and fell on ice outside a grocery store in Flowood.  Clearman sued the grocery store in federal court within the applicable three-year statute of limitations. However, Clearman later voluntarily dismissed his federal lawsuit.  Clearman then filed suit in Mississippi state court against the grocery store and a contractor and subcontractor who had provided snow and ice removal services for the store.  Clearman filed suit in circuit court more than three years after he was injured.  The circuit court dismissed Clearman's claims against the contractor and subcontractor, holding that these claims were barred by the statute

of limitations. Clearman appeals from the circuit court's ruling, which the circuit court certified as a final judgment pursuant to Mississippi Rule of Civil Procedure 54(b). Clearman argues that his claims against the contractor and subcontractor were timely filed based on (1) the "discovery rule," Miss. Code Ann. § 15-1-49(2) (Rev. 2019); (2) the "savings statute," Miss. Code Ann. § 15-1-69 (Rev. 2019); or (3) the doctrine of equitable tolling. However, we find no error in the circuit court's ruling and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On January 6, 2017, Clearman was injured when he slipped and fell on ice outside a Kroger grocery store in Flowood. Clearman later retained counsel and submitted a demand to Kroger.

¶3. On August 23, 2018, AIG Claims Inc. (AIG) notified Clearman's attorney (1) that Kroger had contracted with Pipestone Property Services LLC (Pipestone) to provide snow and ice removal services at the Flowood store and (2) that Pipestone had subcontracted those services to Mississippi Commercial Landscaping LLC (MCL). AIG served as the claims administrator for Pipestone's insurer. AIG provided Clearman with contact information for MCL and stated that it would be "forwarding a tender request to [MCL]" because MCL's subcontractor agreement required MCL to provide a defense and indemnification.

¶4. On September 18, 2019, Clearman filed suit against Kroger in the United States District Court for the Southern District of Mississippi. Clearman's complaint did not name either Pipestone or MCL as a defendant. On January 6, 2020, Clearman filed a motion for leave to amend his complaint to add Pipestone and MCL as defendants. Clearman

2

acknowledged that the addition of MCL, whose members include at least one Mississippi resident, would deprive the court of jurisdiction.[1] Therefore, Clearman requested that the court grant his motion for leave to amend his complaint and then dismiss the amended complaint without prejudice so that he could re-file the case in state court.

¶5. On March 2, 2020, Clearman withdrew his motion to amend his complaint. On March 19, 2020, the district court granted a joint ore tenus motion by Clearman and Kroger to allow Clearman to voluntarily dismiss the case without prejudice. Neither Pipestone nor MCL was ever made a party or served with process in the federal case.

¶6. On March 26, 2020, Clearman filed suit against Kroger, Pipestone, and MCL in the Yazoo County Circuit Court. The defendants answered the complaint and filed motions to dismiss, arguing that Clearman's claims were barred by the applicable three-year statute of limitations. The circuit court granted Pipestone and MCL's motions to dismiss based on the statute of limitations but denied Kroger's motion. The court entered a final judgment dismissing Clearman's claims against Pipestone and MCL pursuant to Mississippi Rule of

---

[1] Clearman filed his negligence suit against Kroger in federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Under section 1332(a), "complete diversity" is required, which means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). For purposes of diversity jurisdiction, a limited liability company is considered a citizen of every state in which any of its members is a citizen. *Id.* at 1080. Hence, the addition of MCL as a defendant would have deprived the district court of subject matter jurisdiction.

3

Civil Procedure 54(b), and Clearman filed a notice of appeal.[2]

**DISCUSSION**

¶7.     "A dismissal based on the statute of limitations presents a question of law that this Court reviews de novo." *White v. White*, 355 So. 3d 233, 240 (¶17) (Miss. Ct. App. 2022) (quoting *Stacks v. Smith*, 291 So. 3d 809, 813 (¶10) (Miss. Ct. App. 2020)). There is no dispute that the three-year "catch-all" statute of limitations, Miss. Code Ann. § 15-1-49, governs Clearman's claims. As set out above, Clearman filed suit against Pipestone and MCL in March 2020, more than three years after his January 2017 injury. Nonetheless, Clearman argues that the statute of limitations does not bar his claims based on (1) the "discovery rule," Miss. Code Ann. § 15-1-49(2); (2) the "savings statute," Miss. Code Ann. § 15-1-69; or (3) the doctrine of equitable tolling.

**I.     The "discovery rule" does not apply.**

¶8.     All parties agree that Clearman's claims are subject to the three-year statute of limitations found in section 15-1-49, which states in relevant part:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49(1)-(2). Clearman argues that subsection (2)'s discovery rule

---

[2] The circuit court also granted Kroger's motion to transfer venue to the Rankin County Circuit Court. Clearman timely filed his notice of appeal after the case was transferred to Rankin County. Kroger is not a party to this appeal.

applies in his case because he did not know "the extent of [Pipestone and MCL's] involvement . . . in snow removal services" until Kroger made its initial disclosures in the federal case in December 2019. Accordingly, Clearman argues that his claims against Pipestone and MCL did not "accrue" until December 2019 and that he timely filed his complaint in state court in March 2020.

¶9. This argument is not persuasive. To begin with, as discussed above, AIG, on behalf of Pipestone, informed Clearman in August 2018 that Pipestone and MCL had contracted and subcontracted, respectively, to provide snow and ice removal services at the Kroger store. Thus, Clearman received that information more than a year before he made a deliberate decision to file suit in federal court against Kroger alone.

¶10. More importantly, though, the plain language of "[s]ection 15-1-49(2) provides a discovery rule that delays the accrual of the cause of action until the plaintiff discovers or with reasonable diligence should have discovered a latent injury . . . . No provision of [s]ection 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations." *Angle v. Kloppers Inc.*, 42 So. 3d 1, 7 (¶18) (Miss. 2010). Therefore, our Supreme Court has held that under section 15-1-49, "causes of action accrue upon discovery of the injury, not discovery of the injury and its cause. Knowledge of the cause of the injury is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury." *F & S Sand Inc. v. Stringfellow*, 265 So. 3d 170, 174 (¶9) (Miss. 2019) (brackets, quotation marks, and citations omitted) (quoting *Am. Optical Corp. v. Est. of Rankin*, 227 So.

3d 1062, 1068 (¶23) (Miss. 2017)).  Thus, in *Rankin*, a case filed by a former construction worker against a silica manufacturer, the Supreme Court "held that the applicable three-year statute of limitations began to run under the discovery rule at the time the worker sought treatment for chronic obstructive pulmonary disease rather than the date he was first diagnosed with silicosis by his retained expert pulmonologist." *Stringfellow*, 265 So. 3d at 174 (¶8) (citing *Rankin*, 227 So. 3d at 1074).  The limitations period began to run when the plaintiff discovered *his injury*, not when he later discovered its underlying cause.  *Id.*  Stated simply, under section 15-1-49, a plaintiff has three years from the discovery of his *injury* to determine the cause(s) of the injury and file suit against the responsible party or parties.

¶11.    Here, Clearman knew he had been injured in January 2017.  Therefore, his cause of action accrued, and the statute of limitations began to run at that time, not when he later learned about Kroger's contract with Pipestone or Pipestone's subcontract with MCL. *Stringfellow*, 265 So. 3d at 174 (¶9).  The date when he learned of Pipestone's and MCL's involvement "is irrelevant to the analysis." *Id.*

¶12.    Moreover, section 15-1-49(2)'s discovery rule does not apply because Clearman did not sustain a "latent injury."  "A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Raddin v. Manchester Educ. Found. Inc.*, 175 So. 3d 1243, 1249 (¶15) (Miss. 2015) (quoting *PPG Architectural Finishes Inc. v. Lowery*, 909 So. 2d 47, 50 (¶12) (Miss. 2005)).  "For an injury to be latent it must be

6

undiscoverable by reasonable methods." *Id.* "[I]f there is no latent injury, the discovery rule cannot apply." *Id.* Here, Clearman *knew* he had been injured when he slipped and fell in January 2017. There was nothing "secretive" or "undiscoverable" about his injury. Accordingly, section 15-1-49(2)'s discovery rule does not apply.

## II. The "savings statute" does not apply.

¶13. Mississippi Code Annotated section 15-1-69, commonly referred to as the "savings statute," provides in relevant part,

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, *or for any matter of form*, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit . . . .

Miss. Code Ann. § 15-1-69 (emphasis added). Clearman argues the savings statute allowed him to file the instant complaint against Pipestone and MCL in circuit court. Specifically, Clearman argues that he voluntarily dismissed his federal complaint against Kroger because he had moved to amend that complaint to add Pipestone and MCL as defendants, which would have deprived the federal district court of subject matter jurisdiction. *See supra* ¶4 & n.1. Clearman argues that his voluntary dismissal counts as a dismissal for a "matter of form" within the meaning of the savings statute.

¶14. Clearman's argument is not convincing because his claims against Pipestone and MCL were never "duly commenced within the time allowed." Miss. Code Ann. § 15-1-69. As explained above, Kroger was the *only* defendant named in Clearman's federal complaint. Clearman later filed a motion to amend his federal complaint to add Pipestone and MCL as

defendants, but Clearman *withdrew* that motion before the federal court ruled on it. As this Court has stated,

> [O]ur law is clear that "the filing of a motion to amend does not toll the statute of limitations until the trial court rules on the motion." When a motion to amend has not been ruled on, it is "clear that the amended complaint is nothing more than an attachment to the motion." And where that motion is denied, "the practical effect is that no amended complaint is filed."

*Johnson v. Rhett*, 250 So. 3d 486, 492 (¶17) (Miss. Ct. App. 2018) (brackets, citations and ellipsis omitted) (quoting *Wilner v. White*, 929 So. 2d 315, 319 (¶¶4-5) (Miss. 2006)). The same is true when such a motion is withdrawn, i.e., "the practical effect is that no amended complaint is filed." Because Clearman unilaterally and voluntarily *withdrew* his motion to amend his federal complaint, Pipestone and MCL were never made parties to the federal action, and the federal action was never "duly commenced" against either of them.

¶15. Because Clearman failed to sue Pipestone and MCL within the statute of limitations, the savings statute does not apply to Pipestone or MCL. *Mosely v. Baptist Mem'l Hosp.-Golden Triangle Inc.*, 232 So. 3d 162, 167 (¶14) (Miss. Ct. App. 2017), *cert. denied*, 229 So. 3d 709 (Miss. 2017). In *Mosely*, the plaintiff filed a medical malpractice action against a doctor and a hospital. *Id.* at 164 (¶2). The plaintiff's claims against the hospital were later dismissed without prejudice because the plaintiff failed to allege proximate causation. *Id.* at (¶3). The plaintiff subsequently filed a new lawsuit against the hospital and two nurses employed by the hospital. *Id.* at (¶4). The circuit court held that the plaintiff's claims against the nurses were barred by the statute of limitations because the limitations period expired prior to the filing of the second lawsuit. *Id.* at 165 (¶5). On appeal, this Court affirmed. *Id.*

at 167 (¶14). We held that "the savings statute would not apply to [the plaintiff's claims against the nurses] because [the nurses] were not sued within the statute of limitations"—i.e., they were not named as defendants in the first lawsuit. *Id.* The same is true in the present case. Pipestone and MCL "were not sued within the statute of limitations." *Id.* Therefore, "the savings statute [does] not apply to [them]."[3] *Id.*

### III. The statute of limitations was not subject to equitable tolling.

¶16. Finally, Clearman argues that the doctrine of equitable tolling applies because he filed suit against Kroger and then filed a motion to amend his federal complaint on January 6, 2020, which was the last day of the three-year limitations period. Clearman argues that these actions show that he "diligently" pursued his claims, even if he later withdrew his motion to amend his federal complaint and then voluntarily dismissed the federal action.

¶17. This argument is without merit. "The theory of equitable tolling provides that where a plaintiff's delay in filing is caused by the defendant's misrepresentation, the statute is tolled." *Smith v. Franklin Custodian Funds Inc.*, 726 So. 2d 144, 149 (¶19) (Miss. 1998); *accord, e.g.*, *Strickland v. S. Panola Sch. Dist.*, 134 So. 3d 367, 369 (¶7) (Miss. Ct. App. 2013). Clearman's lengthy delay in filing suit against Pipestone and MCL was not caused by any misrepresentation by any defendant. As noted above, more than one year before Clearman filed suit in federal court, the claims representative for Pipestone's insurer expressly informed Clearman that Kroger had contracted with Pipestone for snow and ice

---

[3] Because the savings statute does not apply to Pipestone or MCL, we need not address whether Clearman's voluntary dismissal of his federal complaint was a dismissal for a "matter of form" within the meaning of the savings statute.

9

removal services and that Pipestone had subcontracted those services to MCL. At that point, Clearman still had over *sixteen months* in which to file suit against Pipestone and MCL within the statute of limitations. He failed to do so and instead filed suit in federal court against Kroger alone. Clearman identifies no "misrepresentation" by any defendant that caused his delay. Accordingly, the doctrine of equitable tolling is inapplicable.[4]

## CONCLUSION

¶18. The circuit court correctly held that Clearman's claims against Pipestone and MCL are barred by the three-year statute of limitations.

¶19. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[4] Clearman also argues that we should apply the federal version of the equitable tolling doctrine rather than Mississippi law. There is no legal basis for this argument. Clearman originally filed suit in federal court against Kroger based solely on diversity jurisdiction. In such cases, federal courts "apply not only state statutes of limitation *but also any accompanying tolling rules*." *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997) (emphasis added) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)). This is a state law tort case involving no federal claims or any other issue of federal law. There is no logical reason why a Mississippi state court would apply federal tolling rules to Clearman's state law tort claims against Pipestone and MCL based on the mere happenstance that Clearman previously invoked federal diversity jurisdiction in a case he filed against a different defendant. In any event, application of federal law would not help Clearman. The federal version of "the doctrine of equitable tolling . . . permits a court to pause a statutory time limit when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec. Inc.*, 582 U.S. 497, 507 (2017) (quotation marks omitted); *accord, e.g.*, *United States v. Wong*, 575 U.S. 402, 408 (2015). For the reasons set out above, Clearman did not diligently pursue his claims against Pipestone and MCL, and he identifies no other "extraordinary circumstance" warranting tolling.